IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ASHLEY DEWEY, | CV 17-32-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| GEICO INSURANCE AGENCY, INCORPORATED; d/b/a GEICO INDEMNITY COMPANY, and JOHN DOES 1-4, | |
| Defendants. | |

Plaintiff Ashley Dewey was injured in an automobile accident in June 2015, and in December 2016 she commenced this insurance coverage and bad faith action against Defendant Geico Insurance Agency Incorporated, d/b/a Geico Indemnity Company ("Geico") in the Montana Eleventh Judicial District Court. The First Amended Complaint ("Complaint") asserts the following causes of action: breach of contract (Count I); unfair claims settlement practices, breach of fiduciary duties, and bad faith (Count II); common law bad faith (Count III), and; negligent infliction of emotional distress (Count IV). The Complaint states that the Geico insurance policy at issue provided for $25,000 in underinsured motorist benefits, and otherwise seeks an unspecified amount of compensatory and punitive

-1-

damages together with an award of attorney fees.

On March 10, 2017, Geico removed the case to this Court pursuant to 28 U.S.C. § 1441, based on diversity of citizenship.  Dewey has filed a motion to remand pursuant to 28 U.S.C. § 1447(c), on the ground that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed the $75,000 threshold necessary to establish diversity jurisdiction.

## I.  <u>Legal Standards</u>

Removal of a civil action from state court to federal court is appropriate if the action could have originally been filed in federal court.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).   The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  There is a strong presumption against removal jurisdiction, which means that the defendant always bears of the burden establishing facts to support jurisdiction.  *Gaus*, 980 F.2d at 566-67.  If, at any time, the federal court finds that it lacks subject matter jurisdiction over a removed action, it must remand the case to state court.  28 U.S.C. § 1447(c).

## II.  <u>Discussion</u>

A removal notice must include a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).   Geico's notice of removal cites diversity jurisdiction under 28 U.S.C. § 1332(c) as the basis for removing Dewey's Complaint.  For the Court to have diversity jurisdiction, all plaintiffs must be of different citizenship than all defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  It is undisputed that the parties are completely diverse.  The only issue is whether Geico has met its burden of demonstrating that the amount in controversy exceeds $75,000.

   Where, as here, the plaintiff seeks a money judgment but state law does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, the removing defendant need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).  Absent a challenge to the notice of removal, the court may accept a good faith allegation that the amount in controversy exceeds the requisite $75,000.  *See* 14 A.A. Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 3702.3 (4th ed. 2012).

If the defendant's assertion of the amount in controversy is challenged, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."

*Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). The

court may order jurisdictional discovery to determine whether the party seeking

removal has met its burden of establishing the amount in controversy. *Abrego*

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006). Thus, "'the

court may consider facts in the removal petition, and may require parties to

submit-summary judgment-type evidence relevant to the amount in controversy at

the time of removal'." *Vangsnes v. Liberty Mutual Group, Inc.*, 2013 WL 2255901

*4 (D. Mont. May 22, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*,

116 F.3d 373, 377 (9th Cir. 1997)). Ultimately, the court must make findings of

jurisdictional facts using a preponderance of the evidence standard. *Abrego*

*Abrego*, 443 F.3d at 391; see 28 U.S.C. § 1446(c)(2)(B).

Here, Dewey's Complaint alleges that the Geico insurance policy at issue

provided for $25,000 in underinsured motorist benefits, and otherwise seeks an

unspecified amount of compensatory and punitive damages together with an award

of attorney fees. A request for punitive damages may be considered in

determining the amount in controversy. *Gibson v. Chrysler Corporation*, 261 F.3d

927, 945 (9th Cir. 2001). A request for attorney's fees may also be considered as

part of the amount in controversy if the substantive law of the forum state allows

them to be recovered. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th

Cir. 2007).  Geico thus alleges based on the face of the Complaint that the amount in controversy exceeds the $75,000 jurisdictional threshold.

But because Dewey challenges that assertion in his motion to remand, and it is not facially apparent from the Complaint whether Dewey is seeking damages in excess of $75,000, the Court will allow the parties to engage in limited jurisdictional discovery for purposes of establishing the amount in controversy. Likewise, Dewey may clarify the amount in controversy by filing an affidavit stating that she will not seek to recover damages in excess of $75,000 inclusive of compensatory damages, punitive damages, and attorney fees.  See *Plentywood Hardware, Inc. v. Liberty Mutual Group, Inc.*, 2015 WL 5692800 *3 (D. Mont. Sept. 28 2015) ("A federal court can require a plaintiff to file an affidavit or stipulation stating that he will not seek to recover damages in excess of $75,000 as a pre-condition for remand); *Sherman v. Nationwide Mutual Ins. Co.*, 2013 WL 550265 *2 (D. Mont. Jan. 15, 2013).

## III.   Conclusion

For the reasons set forth above,

IT IS ORDERED that the parties may engage in limited jurisdictional discovery with respect to the amount placed in controversy by the Complaint.  The discovery may consist of requests for admissions or interrogatories which shall be

served on before April 21, 2017.  Responses to any discovery requests propagated pursuant to this order shall be served on or before May 1, 2017.   If Dewey chooses to file an affidavit clarifying the amount in controversy, she must do so on or before April 17, 2017.

IT IS FURTHER ORDERED that unless the parties reach an agreement regarding the amount placed in controversy by the Complaint, they shall, on or before May 12, 2017, file simultaneous supplemental briefs addressing the propriety of remand.

DATED this 7th day of April, 2017

Jeremiah C. Lynch
United States Magistrate Judge